**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TERRY PROCTOR                                                                                   PLAINTIFF
ADC #87410

V.                                        NO: 5:09CV00172 WRW/HDY

DAVID WHITE *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge  (if such a  hearing is granted)  was  not  offered at  the
      hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction

("ADC"), filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on June 16,

2009.  Plaintiff named as Defendants Warden David White, Lt. R.D. Bailey, and Sgt. Joyce Gooley

of the Tucker Maximum Security Unit; ADC disciplinary hearing officer Chris Coody; Jane and

John Does of the Redwood Toxicology Laboratory ("Redwood"), and Redwood itself.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v.*

*Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief

may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 1974.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well.  *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, on August 22, 2008, Bailey and Gooley ordered him to provide a urine sample for drug testing.  Plaintiff refused to sign a form giving his authorization to be tested.  Plaintiff contends that Bailey has a history of tampering with specimens, and that he did not want to expose himself to a female guard, which would be an ADC policy violation.  Plaintiff asserts that other inmates who refused to sign the authorization at other times were not tested.  Despite his objections, Plaintiff apparently provided a sample, which tested positive.   In his complaint, Plaintiff alleges that Bailey charged him falsely with a disciplinary violation based on an "illegal collection" (docket entry #1, page #9), and that he was convicted based on that charge and "unlawful test results via Redwood Toxicology Laboratory and Jane/John Doe" (docket entry #1, page #10) Plaintiff claims the charge was made by Bailey in retaliation for Plaintiff's filing of a

3

grievance regarding the collection of the specimen.

Plaintiff contends that Coody denied him due process and was guilty of malicious prosecution when Coody found him guilty based on the documents and test results.  Plaintiff charges White with an equal protection violation for failing to reverse his disciplinary sentence when he has done so for other inmates.  Plaintiff believes White's failure to act is based on Plaintiff's history of being a "compulsive griever and litigator" (docket entry #1, page #11).

Plaintiff's primary claim is that he is being retaliated against because of his grievance and litigation activities.  Specifically, Plaintiff alleges that Bailey charged him falsely, and White refused to overturn the conviction on the charge.  However, Plaintiff had a hearing on the issue, and was found guilty by Coody.  Federal Courts do not sit in appellate review of a prison disciplinary court's findings, but only decide whether an inmate's due process rights were violated.  *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993).  The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials."  Accordingly, the only inquiry to be made by this Court is to determine whether some evidence supports Coody's findings.

Exhibits provided by Plaintiff with this case indicate that Coody relied upon the Redwood

toxicology lab results and the staff report to find Plaintiff guilty.[1]  Thus, "some evidence" supports Coody's findings, and there was no due process violation, even if Plaintiff contends the decision was based on "falsified documents" and "unlawful test results" (docket entry #1, page #10).  Plaintiff's suggestions that Coody was biased or maliciously prosecuting him are without merit.  *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event).

Because there was no due process violation, and Plaintiff was convicted of a disciplinary violation, Plaintiff's retaliation claims fail.  The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."  *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990).  More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail."  *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).  Thus, Plaintiff's conviction on the disciplinary charge precludes any retaliation claim made in connection with the charge.  *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).

Likewise, Plaintiff's claims that various policies were violated in the collection of the urine sample are not actionable.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983

---

[1]Although there are no exhibits attached to this complaint, Plaintiff has incorporated by reference exhibits #19-#33 filed in *Proctor v. Spears et al.*, ED/AR No. 5:09CV84.

liability for violation of prison policy).

Finally, Plaintiff asserts that the Redwood, and unnamed Redwood employees, violated their contract with the ADC, as well as their own policy, and conspired with ADC officials to violate his constitutional rights. As discussed earlier, Plaintiff's constitutional rights were not violated, so there can be no conspiracy. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) (elements of a conspiracy claim). Additionally, Redwood's contract with the ADC and it's own policies are of no constitutional import to Plaintiff.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __2__ day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE